UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRANCE CLARK,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:20-cv-954 (JAM)

ORDER DENYING MOTION FOR POST-CONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255

Terrance Clark has filed a motion for post-conviction relief claiming that his plea of guilty was not knowing or voluntary because he was not advised of all the elements of one of the crimes to which he pleaded guilty. Because the record conclusively refutes this claim, I will deny the motion.

BACKGROUND

On June 11, 2019, Clark entered a plea of guilty before me to charges of unlawful possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)) and unlawful possession of a firearm by a person previously convicted of a felony offense (18 U.S.C. § 922(g)(1) and § 924(a)(2)). *See* Doc. #22 (plea agreement) to *United States v. Terrance Clark,* 3:19cr110 (JAM). The charges arose from Clark's arrest in April 2019 while in possession of crack cocaine as well as a loaded firearm.

The plea agreement set forth the elements of both crimes of conviction, including the element of the felon-in-possession offense requiring proof that "[p]rior to April 3, 2019, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one

1

year." *Id.* at 1-2. With respect to the felon-in-possession charge, the plea agreement further stated:

> In addition, the parties acknowledge that the Supreme Court in *Rehaif v. United States*, No. 17-9560, is currently considering whether, as an element of this offense, the defendant must also have known that he was a felon at the time he possessed the firearm. The *defendant expressly stipulates that he did know that he was a felon at that time he possessed the firearm*, regardless of whether that fact constitutes an element of the offense.

*Id.* at 3 (emphasis added).

At the guilty plea hearing, Clark told me that he had read "every page" and "every word" of the plea agreement and that he did not "have any questions at all about the plea agreement." Doc. #50 at 13 to *USA v. Clark,* 3:19cr110. He also assured me that he had had enough time to consult with his counsel about "each and every part of that plea agreement." *Ibid.* After the prosecutor recited the elements for the two crimes of conviction, she explained how "there is a Supreme Court case right now, *Rehaif v. United States*, in which the court is considering whether a defendant must have known that he was a felon at the time he possessed a firearm," but that "Mr. Clark is expressly stipulating that he did know that he was a convicted felon at the time he possessed the firearm." *Id.* at 16. Clark later assured me again that he had no questions about the plea agreement. *Id.* at 28.

Ten days after Clark's guilty plea, the Supreme Court issued its ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which it considered what the Government must prove in order to convict a defendant charged under 18 U.S.C. § 922(g)(5) with unlawful possession of a firearm by a person who is an alien and who was illegally or unlawfully in the United States. The Supreme Court reasoned that "[a] defendant who does not know that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purposes require." 139 S. Ct. at 2198. Thus, the Supreme Court held that "in a prosecution

under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Although the *Rehaif* decision involved a defendant who was convicted under 18 U.S.C. § 922(g)(5), its reasoning is equally applicable to a defendant like Clark who has been convicted under the related criminal prohibition set forth under 18 U.S.C. § 922(g)(1). As the Second Circuit has very recently ruled, "although a felon need not specifically know that it is illegal for him to possess a firearm under federal law, *Rehaif* requires him to know, at the time he possessed the firearm, that he 'ha[d] been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year.'" *United States v. Bryant*, -- F.3d --, 2020 WL 5666538, at *5 (2d Cir. Sept. 24, 2020) (quoting 18 U.S.C. § 922(g)(1)).

Prior to Clark's sentencing, a presentence report was prepared. The presentence report detailed Clark's extensive criminal history, including a trio of narcotics and firearms convictions for which Clark was sentenced in 2015 to serve concurrent terms of two years imprisonment and for which he was actually imprisoned from August 2014 to December 2016. Doc. #33 at 10 (¶ 36) to *USA v. Clark*, 3:19cr110. The presentence report was fully consistent with Clark's stipulation in his plea agreement that he knew when he possessed the firearm in April 2019 that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

On September 25, 2019, I sentenced Clark principally to a term of 90 months imprisonment. The sentence included a term of 60 months imprisonment on the possession-in-furtherance-of-drug trafficking charge, to be followed by a consecutive term of 30 months imprisonment on the felon-in-possession charge. Doc. #47 to *USA v. Clark*, 3:19cr110.

On July 9, 2020, Clark filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In his motion, Clark cites the Supreme Court's ruling in *Rehaif* and offers his sworn statement that "during my formal proceedings it was never explained to me that my status as a convicted felon was a material element of the 922(g)(1) offense," such that "my plea of guilty was unknowingly, and involuntarily entered into." Doc. #1.

## DISCUSSION

Clark's challenge to the validity of his guilty plea is frivolous in light of the record. To begin with, contrary to Clark's sworn statement that "it was never explained to me that my status as a convicted felon was a material element of the 922(g)(1) offense," Doc. #1, the plea agreement expressly advised Clark that a required element of the offense was that "[p]rior to April 3, 2019, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year." Doc. #22 at 2 to *USA v. Clark,* 3:19cr110. The prosecutor repeated this requirement aloud at the plea hearing, stating that "Mr. Clark understands that the first element is prior to April 3, 2019, he had been convicted of a crime punishable by a term of imprisonment exceeding one year." Doc. #50 at 15 to *USA v. Clark*, 3:19cr110.

Clark was additionally advised in his plea agreement of the pendency of the *Rehaif* decision in the Supreme Court in which the Supreme Court was "considering whether, as an element of this offense, the defendant must also have known that he was a felon at the time he possessed the firearm," and the plea agreement stated that Clark "expressly stipulates that he did know that he was a felon at that time he possessed the firearm, regardless of whether that fact constitutes an element of the offense." Doc. #22 at 3 to *USA v. Clark,* 3:19cr110. This provision of the plea agreement was reiterated aloud by the prosecutor during the guilty plea hearing. Doc. #50 at 16 to *USA v. Clark*, 3:19cr110.

4

Because Clark knew that his status as a convicted felon was an element of the felon-in-possession offense and because he knew of the pendency of the Supreme Court's decision in *Rehaif* and conceded that he knew his felon status at the time he possessed the firearm, Clark has plainly failed to show that his guilty plea was not knowing or voluntary. *See Bryant*, 2020 WL 5666538, at *2 ("we hold that Bryant's guilty plea to possessing a firearm as a convicted felon remains valid, even in light of *Rehaif*, because it is plain that Bryant knew of his unlawful status when he possessed the firearm and there is no reasonable probability that he would have not pled guilty had he been properly informed that such knowledge was a requirement for conviction under 18 U.S.C. § 922(g)"); *see also United States v. Balde*, 943 F.3d 73, 89-92 (2d Cir. 2019) (rejecting argument that omission of the knowledge-of-felon-status requirement in charging document constitutes a jurisdictional defect that invalidates the charge).

## CONCLUSION

For the reasons stated above, the motion of Terrance Clark for post-conviction relief pursuant to 28 U.S.C. § 2255 is DENIED. Because Clark has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk of Court shall enter judgment in favor of the United States and close this case.

It is so ordered.

Dated at New Haven this 25th day of September 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge